# Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MIDLAND CREDIT MANAGEMENT, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NICOLE CHAMBERS

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

RECEIVED 2024-08-16 18:50:03

Filed JUN 1 6 2021
BRANDON E. RILEY, CLERK
By _____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Joaquin Civil Division, 180 E Weber Ave, Ste 200, Stockton, CA 95202

**CASE NUMBER:** *(Número del Caso):*
STK-CV-LOCT-2021-0003401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cole W. Yeargin, Esq. [275400], American Debt Law, 2522 Chambers Road, Suite 100, Tustin, CA 92780, (714) 443-0714

DATE: JUN 1 6 2021          BRANDON E. RILEY  Clerk, by _____, Deputy
*(Fecha)*                   *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Midland Credit Management, Inc.
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]  [Save this form]    [Clear this form]


Exhibit 1, Page 1 of 10

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Cole Yeargin, Esq. [275400], American Debt Law <br> 2522 Chambers Road, Suite 100, Tustin, CA 92780 <br> TELEPHONE NO.: 714.443.0714   FAX NO. *(Optional)*: 714.443.0201 <br> ATTORNEY FOR *(Name)*: Nicole Chambers | FOR COURT USE ONLY <br><br> Electronically Filed <br> Superior Court of California <br> County of San Joaquin <br> 2021-04-16 18:54:02 <br> Clerk: Rocio Pimentel |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin <br> STREET ADDRESS: 180 E Weber Ave., Ste 200 <br> MAILING ADDRESS: Same <br> CITY AND ZIP CODE: Stockton, CA 95202 <br> BRANCH NAME: San Joaquin Civil Division | Case Management Conference <br> 10/14/2021 08:45 AM in 10B |
| CASE NAME: <br> Nicole Chambers v. Midland Credit Management, Inc., and Does 1 through 5, inclusive | STK-CV-LOCT-2021-0003401 |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited <br> (Amount demanded exceeds $25,000) | ☒ Limited <br> (Amount demanded is $25,000) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☒ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/16/21

Cole Yeargin, Esq.
(TYPE OR PRINT NAME)                                         ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |
|---|---|---|

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In Item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in Item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in Item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]    CIVIL CASE COVER SHEET    Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.   Print this form | Save this form | Clear this form

Exhibit 1, Page 3 of 10

Electronically Filed
Superior Court of California
County of San Joaquin
2021-04-16 18:54:02
Clerk: Rocio Pimentel

Case Management Conference
10/14/2021 08:45 AM in 10B

STK-CV-LOCT-2021-0003401

1 | Cole W. Yeargin #275400
American Debt Law
2 | 2522 Chambers Road, Suite 100
Tustin, CA 92780
3 | 714-443-0714
Fax: 714-443-0201
4 | Attorneys for the Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN JOAQUIN

NICOLE CHAMBERS,

    Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC., and Does 1 Through 5, inclusive

    Defendant(s),

Case No.:

Complaint for:

1. Violations of the Fair Debt Collections Practices Act (15 U.S.C. Section 1692, et. seq.)

2. Rosenthal Fair Debt Collection Practices Act (Civil Code Section 1788, et. seq.)

Limited Civil

**NOW COMES** Plaintiff, NICOLE CHAMBERS, by and through her attorney, Cole W. Yeargin, and for her complaint against MIDLAND CREDIT MANAGEMENT, INC. and Does 1 through 5, jointly and severally states as follows:

1. NICOLE CHAMBERS, Plaintiff herein, was at all times an individual who maintains a principle residence within the County of San Joaquin, State of California.

2. Defendant, MIDLAND CREDIT MANAGEMENT, INC. is at all times stated herein a company acting and transacting business within the County of Joaquin, State of California.

3. The true names of the Defendants Does 1 through 5 are unknown to the Plaintiff who therefore

COMPLAINT - 1

sue said Defendants by such fictitious names. Plaintiff is informed and believes, and upon that basis allege, that Defendants sued as Does 1 through 5 inclusive, are responsible in some manner for the practice, acts, conduct and occurrences alleged herein, either as actual perpetrators or co-conspirators, aiders and abettors, or owners, primary officers and managers with the knowledge and control of the perpetrators' activities.

4. Plaintiff is a consumer and debtor within the meaning of the Fair Debt Collections Practices Act (15 U.S.C. § 1692, et. seq.) and the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788, et. seq.).

5. Defendants are debt collectors within the meaning of the Fair Debt Collections Practices Act (15 U.S.C. § 1692, et. seq.) and the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788, et. seq.), hereinafter called the "Rosenthal Act".

6. Plaintiff is informed and believes Defendants regularly use the United States mail in the collection of debts owed to itself and others and attempts to collect debts and are debt collectors as defined by the Fair Debt Collections Practices Act (15 U.S.C. § 1692, et. seq.) and the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788, et. seq.).

7. Venue for the within action is properly within the jurisdiction of this Court upon the ground, inter alia, that one of the Defendants transacts business within the County of San Joaquin, State of California.

8. At all times mentioned herein, Defendants, and each of them, were agents or joint venturers of each of the other Defendants and, in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each other Defendants and ratified, approved and/or retained the benefits of said wrongful acts.

COMPLAINT- 2

# GENERAL ALLEGATIONS

9. Defendants initiated collection attempts to collect alleged consumer debts within the county by repeated calling and harassing the Plaintiff at her home.

10. Plaintiff retained the legal representation and caused to be served upon the Defendants a notice of representation advising the Defendants that the Plaintiff was represented in all matters concerning the subject debt, and any collection efforts had to be directed to her attorney.

11. After notifying the Defendants of Plaintiff's legal representation, Defendants continued with its calling and harassment of the Plaintiff by repeatedly calling her at her residence.

12. Plaintiff, by and through her law firm, informed Defendant, its agents and employees on several occasions that she was represented in this matter by a law firm, and the calls for the debt collection to her should cease immediately. To date the Plaintiff is still concerned about impending wrongful enforcement action.

13. That Defendant(s), with the aforesaid wrongful acts, have violated the Fair Debt Collections Practices Act (15 U.S.C. § 1692, et. seq.) and the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788, et. seq.).

## COUNT I- VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

14. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13, inclusive of this complaint, as set forth herein in their entirety.

15. As set forth herein, Defendants have violated the Fair Debt Collections Practices Act (15 U.S.C. § 1692, et. seq.) as follows:

    A. Defendants knew or should have known the Plaintiff was represented by an attorney with respect to the subject debt, and ignoring the same, wrongfully contacted the

COMPLAINT- 3

Plaintiff directly in violation of Fair Debt Collections Practices Act (15 U.S.C. § 1692c(a)(2), et. seq.

B. Defendants made repeated calls to the Plaintiff at a time and place known, or should have been known to the Defendant, its agents and employees, to be inconvenient to the consumer, in violation of Fair Debt Collections Practices Act (15 U.S.C. § 1692e and 15 U.S.C. §169c(a)(1), et. seq. by making repeated calls to the Plaintiff's residence on at least the following occasions: (1) three times on February 8th, 2020; (2) one time on February 9th, 2020; (3) two times on February 10th, 2020; (4) one time on March 9th, 2020; (5) twice on March 20, 2020; (6) twice on April 21st, 2020; (7) and once as late as June 3, 2020.

C. Defendants made calls to the Plaintiff in an attempt to harass, oppress, and/or abuse the consumer in collecting the debt in violation of Fair Debt Collections Practices Act (15 U.S.C. § 1692d), et. seq.

16. As a direct and proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has been forced to suffer great pain, mental anguish, embarrassment and attorney fees and costs.

17. As a direct and proximate result of said violations of the Fair Debt Collections Practices Act, Defendants are liable for actual damages, statutory damages, and costs and attorney fees.

## COUNT II- ROSENTHAL ACT VIOLATIONS

18. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17, and all subparagraphs thereunder, as if set forth herein in their entirety.

19. The Rosenthal Act expressly incorporates, at Civil Code §1788.17, the

COMPLAINT- 4

provisions of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et. seq., that prohibits various unfair collection activities.

20. As set forth herein, Defendants have violated the Rosenthal Act and the Fair Debt Collections Practices Act (15 U.S.C. § 1692, et. seq.) as follows:

    A. Defendants knew or should have known the Plaintiff was represented by an attorney with respect to the subject debt, and ignoring the same, wrongfully contacted the Plaintiff directly in violation of Fair Debt Collections Practices Act (15 U.S.C.§1692c(a)(2), et. seq.

    B. Defendants made repeated calls to the Plaintiff at a time and place known, or should have been known to the Defendant, its agents and employees, to be inconvenient to the consumer, in violation of Fair Debt Collections Practices Act (15 U.S.C. § 1692e and 15 U.S.C. §169c(a)(1), et. seq. by making repeated calls to the Plaintiff's residence on at least the following occasions: (1) three times on February 8th, 2020; (2) one time on February 9th, 2020; (3) two times on February 10th, 2020; (4) one time on March 9th, 2020; (5) twice on March 20, 2020; (6) twice on April 21st, 2020; (7) and once as late as June 3, 2020.

    C. Defendants made repeated calls to the Plaintiff in an attempt to harass, oppress, and/or abuse the consumer in collecting the debt in violation of Fair Debt Collections Practices Act (15 U.S.C. Section 1692d), et. seq.

21. As a direct and proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has been forced to suffer great pain, mental anguish, embarrassment and attorney fees and costs.

22. As a direct and proximate result of said violations of the Rosenthal Act and Fair Debt Collections Practices Act, Defendants are liable for actual damages, statutory damages, and costs and attorney fees.

COMPLAINT- 5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1. for an award of actual damages in an amount according to the proof;

2. for civil penalties pursuant to the Rosenthal Act and 15 U.S.C. section 1692k;

3. for costs and attorney fees so wrongfully sustained; and

4. for such other and further relief as this court deems just and appropriate.

Date: April 16, 2021

Respectfully Submitted,

American Debt Law

_____

Cole W. Yeargin #275400
American Debt Law
2522 Chambers Road, Suite 100
TUSTIN, CA 92780
714-443-0711
Fax: 714-443-0201
Attorneys for the Plaintiff

COMPLAINT- 6

# SUPERIOR COURT OF CALIFORNIA

County of San Joaquin
180 E Weber Avenue
Stockton, CA 95202

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: STK-CV-LOCT-2021-0003401

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 10/14/2021 | Time: 8:45 AM Department: 10B |
|---|---|---|
| JUDGE | COURT LOCATION | PHONE Numbers: |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE CARTER HOLLY IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ X ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. As of May 4, 2020, all civil hearings scheduled in Departments 10A, 10B, 10C, 10D and 11B will be held remotely by telephone using the court's system until further notice. Requests to appear telephonically for civil hearings in other departments may be made by contacting the Clerks Office. For mandatory telephonic appearance information and instructions visit @ https://www.sjcourts.org/how-to-appear-remotely-civil/.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do. Disregard hearing date if that date has expired.

4. **Courtesy Copies:** Courtesy copies are required for all Motions for Summary Judgment, Summary Adjudication and for all CEQA cases. Individual Judges/Departments have additional requirements for courtesy copies. Please review this information located on the public website @ https://www.sjcourts.org/divisions/civil/.

    Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 04/19/2021                                                                                       _____Rocio Pimentel_____,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**

Exhibit 1, Page 10 of 10